IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

PRO-FAB, LLC                                                                                          PLAINTIFF

v.                                          Case No. 4:21-cv-4032

PHILLIP SMITH CONTRACTING, INC.                                             DEFENDANT

### ORDER

Before the Court is Plaintiff Pro-Fab, LLC's Motion for Default Judgment.  ECF No. 10. The Court finds that this matter is ripe for consideration.

Plaintiff filed this case against Defendant Phillip Smith Contracting, Inc, alleging claims of breach of contract, unjust enrichment, quantum meruit, and conversion.  On April 17, 2021, Plaintiff served its complaint and summons on Defendant.  Defendant did not file an answer, and on June 17, 2021, Plaintiff moved for entry of default against Defendant.  The Clerk of Court subsequently entered default as to Defendant, who to date has not answered or otherwise responded to the complaint.  Plaintiff's Motion for Default Judgment seeks a sum certain from Defendant in the amount of $199,922.00, with additional post-judgment interest accruing as provided by law until paid in full.

**A. Default Judgment**

A district court may enter a default judgment when a party fails to appropriately respond in a timely manner.  *See, e.g.*, *Inman v. Am. Home Furniture Placement, Inc.*, 120 F.3d 117, 119 (8th Cir. 1997).  If the court determines that a defendant is in default, the court shall take as true factual allegations of the complaint, except those relating to the amount of damages.  *Everyday Learning Corp. v. Larson*, 242 F.3d 815, 818 (8th Cir. 2001).  However, the court must ensure that "the unchallenged facts constitute a legitimate cause of action" prior to entering final judgment.

*Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010).

The unchallenged facts of this case are that on or about October 29, 2019, the parties entered into a subcontract ("Contract"), which required Plaintiff to perform certain work as described therein as a sub-contractor for Defendant. Defendant was serving as subcontractor for Gray Construction, Inc., the prime/general contractor on a construction project for Tyson. In exchange for work performed under the Contract, Defendant agreed to pay Plaintiff $1,537,500.00, plus all amounts required to be paid in connection with change orders. During the course of performing the work, two change orders were requested in connection with the contract in the amounts of $47,120.00 and $80,440.00. Accordingly, the total amount owed by Defendant to Plaintiff under the Contract was $1,665,060.00.

Plaintiff performed and completed the work as required under the Contract, but Defendant has failed to pay in full in accordance with the terms of the Contract. Plaintiff has demanded that all remaining amounts owed to it under the Contract be paid, but Defendant has not done so. The total amount that remains owing under the Contract is $199,435.00.

After reading the pleadings and the papers on file, the Court finds that Plaintiff has alleged sufficient facts to support a legitimate cause of action against Defendant for breach of contract. Now the Court will turn to damages. Plaintiff asks that the Court enter default judgment on a sum certain and post-judgment interest. These amounts are all ascertainable from Plaintiffs' evidence, so an evidentiary hearing on damages is not necessary. *Taylor v. City of Ballwin, Mo.*, 859 F.2d 1330, 1333 (8th Cir. 1988).

### B. Damages

After determining that a default judgment should be entered, the Court must determine the amount and character of the recovery. Fed. R. Civ. P. 55(b)(2)(B). A default judgment may be

entered on a sum certain upon the plaintiff's request, with an affidavit showing the amount due. Fed. R. Civ. P. 55(b)(1). In this case, Plaintiff seeks a sum certain from Defendant in the amount of $199,922.00 plus post-judgment interest.

Plaintiff has provided the affidavit of Dave Beavert, Plaintiff's president and custodian of business records, which sets out that Defendant owes Plaintiff $199,435.00 under the Contract. The Court is satisfied that Beavert's affidavit establishes that Defendant owes this amount to Plaintiff, and the Court will award Plaintiff $199,435.00 in connection with work it performed for Defendant under the Contract for which Plaintiff was not paid.

Beavert states that Plaintiff has also incurred the following costs in connection with the present lawsuit: (1) filing fee in the amount of $402.00; and (2) process server fees in the amount of $85.00. Courts should award costs other than attorneys' fees to the prevailing party in a lawsuit unless a statute or court directs otherwise. Fed. R. Civ. P. 54(d)(1). Generally, courts are limited to shifting the prevailing party's costs in six statutorily defined categories, which, in relevant part, includes fees paid to the clerk of court. 28 U.S.C. § 1920. "A filing fee is a 'fee of the clerk' which is typically allowed as part of costs under Section 1920." *Wheeler v. Carlton*, No. 3:06-cv-0068-GTE, 2007 WL 1020481, at *3 (E.D. Ark. Apr. 2, 2007) (quoting *Card v. State Farm Fire & Cas. Co.*, 126 F.R.D. 658, 660 (N.D. Miss. 1989)). Accordingly, the Court will award Plaintiff, the prevailing party in this case once default judgment is entered, $402.00 in costs related to this case's filing fee.

The Court now turns to Plaintiff's request for $85.00 in connection with service of process in this case. With regard to private process servers, the statute does not provide for the taxation of fees of private process servers, rather it provides only for the fees of the "Clerk and Marshal." 28 U.S.C. § 1920(1). Applying the statute as written, the Court finds that the fee for the expense of a

private process server cannot be taxed as costs. *See Crues v. KFC Corp.,* 768 F.2d 230, 234 (8th Cir. 1985) (28 U.S.C. § 1920 contains no provision for the use of special process servers, thus such costs are non-taxable). Thus, the Court declines to award Plaintiff $85.00 in costs related to process server fees.

Plaintiff asserts that it has also incurred attorney fees in connection with the lawsuit but will be seeking such fees in a separate motion.

### III. CONCLUSION

For the reasons set forth above, the Court finds that Plaintiff's Motion for Default Judgment should be and hereby is **GRANTED IN PART** and **DENIED IN PART**. Judgment will be entered in favor of Plaintiff Pro-Fab, LLC against Defendant Philip Smith Contracting, Inc. in the amount of $199,435.00 for unpaid work performed under the Contract. The Court also awards Plaintiff costs in the amount of $402.00. Post-judgment interest shall accrue at the highest rate allowed by law until paid. The Court declines to award Plaintiff $85.00 in costs related to process server fees. Judgment will be entered separately.

**IT IS SO ORDERED**, this 2nd day of February, 2022.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge