IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

PRO-FAB, LLC                                                                                                               PLAINTIFF

v.                                         Case No. 4:21-cv-4032

PHILLIP SMITH CONTRACTING, INC.                                                            DEFENDANT

**ORDER**

Before the Court is Plaintiff Pro-Fab, LLC's Motion for Attorney Fees. ECF No. 14. The Court finds that this matter is ripe for consideration.

Plaintiff filed this case against Defendant Phillip Smith Contracting, Inc., alleging claims of breach of contract, unjust enrichment, quantum meruit, and conversion. Plaintiff served its complaint and summons on Defendant, but Defendant did not file an answer or otherwise respond to the complaint. The Court entered a default judgment against Plaintiff in the amount of $199,435.00, and the Court awarded costs in the amount of $402.00. ECF No. 13. Plaintiff moves the Court for an award of attorneys' fees in the amount of $18,000.00.

Plaintiff requests attorneys' fees under Ark. Code Ann. § 16-22-308, which provides that the prevailing party in a breach of contract action may be allowed a reasonable attorney's fee to be assessed by a court. The Court finds that Plaintiff is a prevailing party under Ark. Code Ann. § 16-22-308.

The following factors are relevant in determining reasonable attorneys' fees: (1) the experience and ability of the attorney; (2) the time and labor required to perform the service properly; (3) the amount in controversy and the result obtained in the case; (4) the novelty and difficulty of the issues involved; (5) the fee customarily charged for similar services in the local area; (6) whether the fee is fixed or contingent; (7) the time limitations imposed upon the client in

the circumstances; and (8) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the attorney. *Chrisco v. Sun Indus., Inc.*, 304 Ark. 227, 229, 800 S.W.2d 717, 718–19 (1990). Courts should be guided by the foregoing factors, but there is no fixed formula for determining the reasonableness of an award of attorneys' fees. *Phelps v. U.S. Credit Life Ins. Co.*, 340 Ark. 439, 442, 10 S.W.3d 854, 856 (2000).

Concerning the experience and ability of the attorneys, the Court finds that counsel for Plaintiff are experienced attorneys with excellent legal skills.

Concerning the time and labor required to perform the service properly, the Court notes that Plaintiff was awarded a default judgment. The Court also notes that Plaintiff's attorney did spend a considerable amount of time and effort researching the contract dispute and handling a third-party dispute arising under the contract with Defendant.

Concerning the amount in controversy and the result obtained in the case, Plaintiff sought $199,435.00, and the Court entered a default judgment against Defendant for this amount.

Concerning the novelty and difficulty of the issues involved, the Court finds that the issues are straightforward and not particularly difficult.

Concerning the fee customarily charged for similar services in the local area, Ryan Caststeel of the law firm of Hopkins Casteel PLC billed Plaintiff for 63.3 hours at a rate of $290.00 per hour, for a total of $18,357.00. An associate attorney from the same firm billed 15 hours at a rate of $200 per hour, for a total of $3,000.00. A second associate attorney from the same firm billed 2.5 hours at $225.00 per hour, for a total of $562.50. A law clerk from the same firm billed 2.25 hours at rate of $125.00 per hour, for a total of $281.25. Plaintiff argues that these hourly rates are consistent with other similarly experienced attorneys and law clerks in the central Arkansas area.

A reasonable hourly rate is the ordinary rate for similar work in the community where the case has been litigated, which in this case is Texarkana, Arkansas. *See Miller v. Dugan*, 764 F.3d 826, 831 (8th Cir. 2014). Plaintiff offers no evidence of the prevailing rate in Texarkana for services like those performed in this case, but the Court can use its own experience and knowledge of prevailing market rates to determine reasonableness. *See Warnock v. Archer*, 397 F.3d 1024, 1027 (8th Cir. 2005). The Court notes that in a recent case, it approved the following market rates for Texarkana, Arkansas: $250.00 per hour for a law partner, $175.00 per hour for an associate attorney, and $25.00 per hour for a law clerk. *See Gutierrez v. 1873 Club of Texarkana*, 4:20-cv-4108, 2022 WL 2911691, at *2 (W.D. Ark. July 22, 2022). Plaintiff's asserted rates in this case exceed the prevailing market rate. Using the Court's knowledge of the Texarkana market, reasonable hourly rates will be assessed as follows: $250.00 for a law partner, $175.00 for an associate attorney, and $25.00 for a law clerk.

Concerning whether the fee was fixed or contingent, the fee in this case appears to be fixed.

Concerning the time limitations imposed upon the client in the circumstances, Plaintiff has provided no information regarding this issue. Because a default judgment was entered in Plaintiff's favor, the Court is not convinced that the time limitations imposed on Plaintiff were significantly burdensome.

Finally, concerning the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the attorney, the Court finds it unlikely that counsel's acceptance of this case precluded any other employment.

Having addressed the *Chrisco* factors, the Court now addresses Plaintiff's request for attorneys' fees under Ark. Code Ann. § 16-22-308 utilizing the lodestar method, which is calculated by multiplying the number of hours reasonably expended by the reasonable hourly rates.

3

*See Hanig v. Lee*, 415 F.3d 822, 825 (8th Cir. 2005); *Coorstek, Inc. v. Elec. Melting Servs. Co., Inc.*, 4:06-cv-01726, 2009 WL 646307, at *1-2 (E.D. Ark. March 10, 2009). Although Plaintiff has not submitted its own lodestar calculation, the Court has used the billing records submitted to calculate the lodestar as follows:

| Billed By | Reasonable Hourly Rate | Reasonable Hours Worked | Value |
|---|---|---|---|
| Ryan J. Caststeel | $250.00 | 63.3 | $15,825.00 |
| Associates | $175.00 | 17.5 | $3,062.50 |
| Law Clerk | $25.00 | 2.25 | $56.25 |
| Total | | | $18,943.75 |

Plaintiff requests attorneys' fees in the amount of $18,000.00. In sum, based on the *Chrisco* factors and the Court's familiarity with the record and quality of service rendered, the Court finds that an award of attorneys' fees in the amount of $18,000.00 is reasonable. Accordingly, Plaintiff's Motion for Attorney Fees is **GRANTED**. Plaintiff is awarded $18,000 in reasonable attorneys' fees.

**IT IS SO ORDERED**, this 30th day of September, 2022.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge